UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:    5/6/25

GHASSAN ALBERT HREISH JR., et al.,

Plaintiffs,

-against-

STEVE PAPPAS, et al.,

Defendants.

24-CV-02284 (JHR) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed on the record during yesterday's status and discovery conference, it is hereby ORDERED that plaintiffs' motion to compel discovery (Dkt. 112) is GRANTED IN PART and DENIED IN PART, as follows:

1. **Plaintiffs' Requests for Production (RFPs) 6-9, 10, 12-13, 23, 24, 27, 31, 32(c), and 34.** No later than **May 12, 2025**, defendants must provide updated written responses to plaintiffs' RFPs 6-9 (with respect to communications between defendants), 10 (with respect to proxies, whether signed or unsigned, regarding the January 6, 2024 shareholders' meeting), 12-13, 23, 24, 27, 31, 32(c), and 34, in full compliance with Fed. R. Civ. P. 34(b)(2), and produce all non-privileged, responsive documents. In their updated responses, with respect to each request:

   a.   Defendants must advise plaintiffs whether they are producing additional responsive documents or whether, after a diligent search, no non-privileged, responsive documents were found.

   b.   Defendants must state whether they are withholding any responsive documents or information on privilege grounds. If defendants withhold any documents or information on privilege grounds, they must serve a privilege log, no later than **May 12, 2025**, in compliance with Local Civ. R. 26.2.

      c.      Due to defendants' failure to timely respond to plaintiffs' discovery requests, defendants have waived all objections except for privilege.

2. **Exhibit A to DEF-513**. No later than **May 12, 2025**, defendants must either (1) produce Ex. A; (2) identify the previously produced Ex. A; or (3) certify in writing that, after conducting a diligent search, defendants have been unable to find Ex. A.

3. **Plaintiffs' Interrogatory #1.** No later than **May 12, 2025**, defendants must respond, in writing, to plaintiffs' first interrogatory, which according to plaintiffs was served on February 5, 2025. Unless defendants can establish to the Court's satisfaction that they were not timely served with that interrogatory, all objections, except for privilege, have been waived.

With respect to defendants' pending motion to disqualify plaintiffs' counsel, defendants must submit a supplemental letter-brief no later than **May 12, 2025**, addressing the seeming inconsistency between the contention in their disqualification brief (that they constitute the "true and sole members of the Board of Directors," *see* Dkt. 93 at 8), and their contention in their sixth counterclaim (that they are entitled to sue derivatively on behalf of ECC, without making a demand of the board, because doing so "would be futile." *See* Dkt. 61 ¶ 183.) Plaintiffs may submit a response no later than **May 19, 2025**.

The parties' deadlines to complete fact and expert discovery are EXTENDED as follows:

1. The deadline for completing fact discovery, including fact depositions, is EXTENDED to **June 30, 2025**;

2. The deadline for disclosure of expert evidence, including the identities and written reports of experts, is EXTENDED to **July 30, 2025**;

3.      The deadline for disclosure of expert rebuttal evidence is EXTENDED to **August 25, 2025**;

4.      The deadline for completing expert depositions, and the close of all fact discovery, is EXTENDED to **September 8, 2025**.

The Clerk of Court is respectfully directed to close the motion at Dkt. 112.

Dated:  New York, New York
        May 6, 2025

                              **SO ORDERED.**


                              _____
                              **BARBARA MOSES**
                              **United States Magistrate Judge**