UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GHASSAN ALBERT HREISH JR., et al.,

        Plaintiffs,

   -against-

STEVE PAPPAS, et al.,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/25

24-CV-02284 (JHR) (BCM)

**ORDER RE DISCOVERY SANCTIONS**

**BARBARA MOSES, United States Magistrate Judge.**

    By letter-motion dated June 4, 2025 (Dkt. 124), plaintiffs Ghassan Albert Hreish, Jr., Team Group LLC, Daniel P. Bourke, Walter V. Gerasimowicz, and Envirokare Composite Corp. (ECC or the Company) seek sanctions pursuant to Fed. R. Civ. P. 37(b)(2). Plaintiffs assert that defendants Steve Pappas, George E. Kazantzis, and Gregory J. Angelides failed to comply with this Court's discovery order dated May 6, 2025 (5/6/25 Order) (Dkt. 118). For the reasons discussed during today's discovery conference, and summarized below, the motion will be granted in part.

**Procedural Background**

    Promptly upon receipt of plaintiffs' sanctions motion, I scheduled a conference for today, June 17, 2025, and reminded defendants that their opposition to the motion was due by June 9, 2025. *See* 6/5/25 Order (Dkt. 125) at 1. June 9 came and went with no opposition papers from defendants. On June 10, 2025, plaintiffs' counsel Jonathan R. Miller filed a Supplemental Certification (Miller Supp. Cert.) (Dkt. 126), asserting that defendants were still out of compliance with the 5/6/25 Order. On June 12, 2025, I issued an order noting defendants' lack of opposition and directing all three defendants to appear in person at today's conference. (Dkt. 128.)

    Yesterday, at 4:49 p.m., defendants e-filed the Declaration of Paul Goodman (Goodman Decl.) (Dkt. 129), in which defendants' counsel argued – for the first time – that defendants "fully

complied" with the 5/6/25 Order and that if any documents are missing from their production it is because those documents do not exist, or were not in defendants' possession, custody, or control – not because defendants failed to comply with their discovery obligations. Goodman Decl. ¶¶ 4, 17-20. Counsel further attested that he did not file a timely opposition letter in response to the sanctions motion because he detrimentally relied "upon Plaintiffs' counsel's representation that Plaintiffs' motion would 'moot out.'" *Id.* ¶ 3.[1]

At today's discovery conference, defendants Pappas and Kazantzis appeared as directed, but defendant Angelides did not. Attorney Goodman explained that Angelides was traveling. He also explained that he was not in direct contact with Angelides and did not even have contract information for him.[2]

## **Discussion**

The key question in this corporate control dispute is whether the individual plaintiffs (Hreish, Bourke, and Gerasimowicz) or the defendants (Pappas, Kazantzis, and Angelides) legitimately control plaintiff and counterclaim defendant ECC. On January 6, 2024, defendants conducted what they described as an annual meeting of the ECC stockholders. *See* Am. Compl. (Dkt. 55) ¶¶ 49-53. According to the minutes of that meeting – signed by all three individual defendants – the stockholders removed all three individual plaintiffs from the ECC board of directors, re-elected defendant Kazantzis, and added defendant Angelides. *See id.* ¶ 54; Miller Cert. (Dkt. 106) Ex. 12 (Dkt 106-12) (1/6/24 Minutes) at ECF pp. 4-5. Additionally, according to the minutes, the stockholders appointed Kazantzis as ECC's President and Treasurer and Angelides as

---

[1] Counsel did not explain why the Supplemental Certification filed on June 10, 2025 – which must have disabused him of any notion that plaintiffs believed the motion to be moot – did not prompt him to quicker action.

[2] Counsel failed to explain why he did not advise the Court, prior to the conference itself, that Angelides could not attend as directed.

2

its Secretary. 1/6/24 Minutes at 5. The minutes also state that although only the three individual defendants attended in person, representing "32.0% of the total shares outstanding," *see* 1/6/24 Minutes at ECF p. 1, they also held proxies from 43 other ECC stockholders, collectively representing another 27.5% of the total shares outstanding. *Id*. at ECF pp. 1-2.

This Court's 5/6/25 Order required defendants to produce, among other things, all documents responsive to plaintiffs' Request for Production (RFP) No. 10, "with respect to proxies, whether signed or unsigned, regarding the January 6, 2024 shareholders' meeting." 5/6/25 Order ¶ 1. It also required defendants to produce all documents responsive to RFPs No. 6-9 "(with respect to communications between defendants), . . . 12-13, 23, 24, 27, 31, 32(c), and 34, in full compliance with Fed. R. Civ. P. 34(b)(2), and produce all non-privileged, responsive documents." *Id*.

Plaintiffs contend – and defendants confirmed, at today's conference – that they did not produce any proxies from 13 of the 43 stockholders listed in the minutes:

| Name | Shares Represented |
|---|---|
| George Artemiou | 75,000 |
| Basil Capetanakis | 50,000 |
| Stavros Haviaras | 50,000 |
| George Kapetanakos | 50,000 |
| Varnavas Zagaris | 250,000 |
| Vasileios Papaconstantinou | 31,250 |
| Gus Papademetriou | 600,000 |
| Steve Sabatelli | 400,000 |
| Gino Silvestri | 100,000 |
| Luigi Silvestri | 500,000 |
| Luigi Silvestri | 77,500 |
| Yiorgo Yfantopoulos | 50,000 |
| Marc C. Pappas | 79,365 |

*See* Miller Supp. Cert. ¶¶ 5-6 & Ex. 1 ((Dkt. 126-1). Consequently, unless I assume that the minutes are fraudulent – which I am reluctant to do on the present record – I must conclude that defendants

failed to preserve and/or produce all of the proxies they received. Thus, defendants are in violation of the 5/6/25 Order.[3]

Plaintiffs further contend that defendants produced very few transmittal emails (or fax cover sheets, or comparable documents) showing when and from whom the extant proxies were received, and very few responsive email communications among the defendants (or between defendants and ECC shareholders) regarding the topics covered by the 5/6/25 Order. Plaintiffs argue that it is implausible that there are no additional responsive communications, and urge this Court to find, on this basis, that defendants have again violated the 5/6/25 Order.

I share plaintiffs' skepticism as to the paucity of the production, but am reluctant to conclude, on the present record, that defendants violated the 5/6/25 Order with respect to these communications. I take the same view with respect to "Exhibit A," which is an ECC stockholders' list dated February 28, 2010 (or earlier), and which has yet to be produced. I note in this regard that plaintiffs will have the opportunity to ask defendants about their email communications, Exhibit A, and other relevant documents at their upcoming depositions. If, at that point, plaintiffs continue to believe that defendants improperly withheld additional discoverable documents, they may renew their sanctions motion.

## Sanctions and Scheduling

"District courts have 'broad discretion in fashioning an appropriate sanction' for discovery violations." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2019 WL 4727537, at *28 (S.D.N.Y. Sept. 26, 2019) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306

---

[3] Plaintiffs also complain that some of the proxies they did receive in discovery were undated (by the stockholder) or dated later than the January 6, 2024 stockholders meeting. While troubling, these facts present a merits issue (as to the legitimacy or effectiveness of the proxies), not a discovery issue.

4

F.3d 99, 101 (2d Cir. 2002)), *aff'd sub nom. Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*, 2020 WL 1479018 (S.D.N.Y. Mar. 26, 2020), as long as the sanctions "relate to the particular claim to which the discovery order was addressed." *Adams v. Co-op City Dep't of Pub. Safety*, 2024 WL 402856, at *6 (S.D.N.Y. Feb. 2, 2024) (quoting *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991)).

Here, the most appropriate sanction for defendants' failure to produce the remaining 13 stockholder proxies is set forth in Fed. R. Civ. P. 37(b)(2)(A)(i): an order "directing that matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." *See*, *e.g.*, *DoubleLine Cap. LP v. Odebrecht Fin., Ltd.*, 2022 WL 3029014, at *13 (S.D.N.Y. July 19, 2022) (taking a series of facts "as established" pursuant to Rule 37(b)(2)(A)(i), including that defendants willfully made various material misrepresentations and omissions to securities purchasers); *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2017 WL 3671036, at *1 (S.D.N.Y. July 18, 2017) (taking as established, pursuant to Rule 37(b)(2)(A)(i), that "Asaf Yevdayev is and was, at all relevant times, Panorama's agent and representative with respect to the conduct at issue herein"), *adopted,* 2017 WL 4712639 (S.D.N.Y. Sept. 28, 2017). Consequently, it is hereby ORDERED that the following fact shall be taken as established for purposes of this action: Defendants did not receive any proxies from the thirteen ECC stockholders listed above with respect to the January 6, 2024 meeting.

In addition, pursuant to Fed. R. Civ. P, 37(b)(2)(C), it is hereby ORDERED that defendants and their counsel (jointly and severally) must pay the reasonable expenses, including attorneys' fees, caused by defendants' discovery failures. If the parties cannot agree upon the amount of the sanction, plaintiffs shall submit their application for fees and expenses no later than **June 24, 2025**, limited to their fees and other expenses incurred in connection with preparing and litigating the

instant discovery sanctions motion. If fees are sought, the application must be supported by counsel's contemporaneous time records, properly authenticated, as well as admissible evidence showing that the number of hours expended and the hourly rate sought are reasonable. Out of pocket expenses must also be supported by admissible evidence. Defendants may file a response no later than **July 1, 2025**, limited to the *amount* of the fees and expenses to be awarded.

It is further ORDERED that, no later than **June 24, 2025**, the parties must jointly advise the Court, by letter, whether they believe a judicially supervised settlement conference would be productive.

It is further ORDERED, at the request of all parties, that the deadline to complete fact discovery is EXTENDED to **July 14, 2025**. The deadline for disclosure of expert evidence, including the identities and written reports of experts, is EXTENDED to **August 13, 2025.** The deadline for disclosure of expert rebuttal evidence is EXTENDED to **September 8, 2025**. The deadline for completing expert depositions, and the close of all discovery, is EXTENDED to **September 22, 2025**.

The Clerk of Court is respectfully directed to close the motion at Dkt. 124.

Dated: New York, New York
June 17, 2025

                        **SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**