```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/5/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GHASSAN ALBERT HREISH, JR., TEAM GROUP LLC, DANIEL P. BOURKE, WALTER V. GERASIMOWICZ, *and* ENVIROKARE COMPOSITE CORP.,<br><br>           Plaintiffs,<br><br>    v.<br><br>STEVE PAPPAS, GEORGE E. KAZANTZIS, *and* GREGORY J. ANGELIDES,<br><br>           Defendants. | Case No. 24-cv-2284-JHR-BCM<br>Civil Action<br><br><br><br>**STIPULATION AND CONSENT ORDER** |

    **WHEREAS**, Plaintiffs have asserted six causes of action in this matter: (1) declaratory judgment, asserted by Hreish, Bourke, Gerasimowicz and ECC, as to the true composition of ECC's board of directors; (2) declaratory judgment, asserted by ECC, that Kazantzis's purported employment contract with ECC is legally null and void *ab initio*; (3)-(4) two claims for fraud asserted by Hreish and Team against Kazantzis and Pappas; (5) breach of fiduciary duty, asserted by ECC against Kazantzis and Pappas; and (6) civil conspiracy;

    **AND WHEREAS**, Defendants have asserted ten counterclaims: (1) breach of promissory note, brought by Kazantzis against Gerasimowicz; (2)-(3) two claims for defamation, brought by Kazantzis and Pappas against Hreish and ECC; (4)-(5) two claims for breach of fiduciary duty; (6) a derivative action, purportedly on behalf of ECC; (7)-(9) three claims seeking declaratory judgment concerning indemnification; and (10) declaratory judgment that the Defendants are ECC's true board members;

    **AND WHEREAS**, Kazantzis has voluntarily dismissed his promissory note claim against Gerasimowicz;

    **AND WHEREAS**, the Parties have agreed to resolve their dispute amicably pursuant to the terms and conditions set forth herein and in their Settlement Agreement, annexed hereto;

**IT IS** hereby **ORDERED AND ADJUDGED** as follows:

1. The Board of Directors of Plaintiff Envirokare Composite Corp., a Nevada corporation, is comprised of Plaintiffs Ghassan Albert Hreish, Jr. as President and Director, Daniel P. Bourke as Treasurer and Director, and Walter V. Gerasimowicz as Secretary and Director;

2. The alleged January 6, 2024 meeting of shareholders of Envirokare Composite Corp. and all business conducted at that alleged meeting are null and void *ab initio*;

3. The alleged employment agreement between Defendant George E. Kazantzis and Envirokare Composite Corp., dated on or about October 20, 2021, is null and void *ab initio*;

4. Subject to the foregoing, this matter is **DISMISSED WITH PREJUDICE** and without award of fees or costs to any party; *and*

5. This Court **RETAINS JURISDICTION** for purposes of enforcing the Parties' annexed Settlement Agreement. The Clerk of Court is respectfully directed to close the case.

Dated: 9/5/25
New York, N.Y.

_____
BARBARA MOSES
United States Magistrate Judge

*Stipulated and agreed:*

_____
Paul Goodman, Esq.
*Attorney for Defendants*
Cyruli Shanks & Zizmor, LLP
420 Lexington Avenue, Suite 2320
New York, NY 10170
Tel. 347-379-4627
pGoodman@CSZlaw.com

Date: August 20, 2025

_____
Jonathan R. Miller, Esq.
*Attorney for Plaintiffs*
The Law Firm of Jonathan R. Miller
100 Overlook Center, 2nd Floor
Princeton, N.J. 08540
Tel. 609-955-1226
jonathan.miller@lawyer.com

Date: **August 20, 2025**

# SETTLEMENT AGREEMENT

This Settlement Agreement (the **"Agreement"**) is entered into by and between:

(a) Ghassan Albert Hreish, Jr., Team Group LLC ("TEAM"), Daniel P. Bourke, Walter V. Gerasimowicz and Envirokare Composite Corp. ("ECC") (together, the **"Plaintiffs"**),

and

(b) Steve Pappas, George E. Kazantzis and Gregory J. Angelides (together, the **"Defendants"**)

(together, the **"Parties"**).

**WHEREAS**, the Parties are litigants in the matter of *Hreish v. Pappas et al.*, No. 24-cv-2284 (S.D.N.Y.) (the **"S.D.N.Y. Matter"**);

**WHEREAS**, ECC is the plaintiff in a Delaware Chancery Court matter, *Envirokare Composite Corp. v. D&D Manufacturing, LLC et al.*, No. 2022-1202 (Del. Chanc. Ct.) (the **"Delaware Matter"**);

**WHEREAS**, in the S.D.N.Y. Matter the Plaintiffs asserted six causes of action: (1) declaratory judgment, asserted by Hreish, Bourke, Gerasimowicz and ECC, as to the true composition of ECC's board of directors; (2) declaratory judgment, asserted by ECC, that Kazantzis's purported employment contract with ECC is legally null and void *ab initio*; (3)-(4) two claims for fraud asserted by Hreish and Team against Kazantzis and Pappas; (5) breach of fiduciary duty, asserted by ECC against Kazantzis and Pappas; and (6) civil conspiracy;

**WHEREAS**, in the S.D.N.Y. Matter the Defendants asserted ten counterclaims: (1) breach of promissory note, brought by Kazantzis against Gerasimowicz; (2)-(3) two claims for defamation, brought by Kazantzis and Pappas against Hreish and ECC; (4)-(5) two claims for breach of fiduciary duty; (6) a derivative action, purportedly on behalf of ECC; (7)-(9) three claims seeking declaratory judgment concerning indemnification; and (10) declaratory judgment that the Defendants are ECC's true board members.

**WHEREAS**, Kazantzis has voluntarily dismissed his promissory note claim against Gerasimowicz;

**WHEREAS**, Hreish, TEAM, Bouke, Gerasimowicz, Pappas, Kazantzis and Angelides have entered into that certain agreement (the **"Ad Hoc Agreement"**) concerning ECC's litigation of the Delaware Matter;

**WHEREAS**, the Parties each deny any and all wrongdoing and liability to each other in connection with the allegations raised in the S.D.N.Y. Matter;

**WHEREAS**, the Parties have determined to resolve their dispute amicably pursuant to the terms and conditions set forth herein;

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties agree as follows:

1.   **Incorporation of Recitals.** The foregoing recitals are an integral part of this Agreement and are incorporated herein by reference.

2.   **Effective Date.** The Effective Date of this Agreement is and shall be the date that it is fully executed by all Parties.

3.   **Settlement Payment.** No settlement payment is to be paid under this Agreement.

4.   **Stipulation and Proposed Consent Order.** The Parties agree to the terms and conditions of, and to execute, the Stipulation and Proposed Consent Order annexed hereto as **Exhibit 1**. The terms and conditions of the aforesaid stipulation are incorporated herein by reference, are material terms of this Agreement, and are enforceable as provided hereunder and/or in any other lawful manner.

5.   **Board Meeting.** Within thirty (30) days of the Effective Date of this Agreement, ECC's board of directors (the **"Board"**) shall meet with Kazantzis. At that meeting, Kazantzis shall (a) tender a signed and notarized letter formally resigning from the Board; (b) shall commit to turning over all books and records of ECC and its predecessor, Envirokare Tech, Inc. to Hreish within two weeks thereof, at Kazantzis's own expense; and (c) shall agree to a Board resolution that all past and future expenditures by Hreish and TEAM in the Delaware and S.D.N.Y. Matters will be converted to shares (or share warrants) at the value of $0.01 per share, with the amount of such expenditures to be determined by the Board at a later date.

6.   **Board Vacancies.** Defendants acknowledge and agree that, pursuant to ECC's by-laws, the Board may appoint any person to fill a vacancy on the Board unless that person has been disqualified by a court of competent jurisdiction.

7.   **Shareholder Elections.** Defendants stipulate and agree to vote their shares in favor of Hreish, Bourke and Gerasimowicz in any shareholders election, until twenty-four (24) months after entry of the final unappealable order adjudicating the Delaware Matter, including any appeals, or after a full and final settlement of the Delaware Matter and any appeals.

8.   **Cooperation.** Kazantzis and Pappas stipulate and agree to: (a) cooperate fully with ECC and its lawyers in litigation of the Delaware Matter; (b) willingly provide testimony on ECC's behalf in the Delaware Matter; and (c) not give the defendants or any other party in the Delaware Matter any kind of statement, information or documents unless legally required by a lawful court order and only after giving ECC's lawyers advance notice and an opportunity to object.

9.   **Valuation of Shares.** Defendants stipulate and agree that, as shareholders, they will not object if the Board issues shares (or share warrants) at the value of $0.01 or more each. Hreish, Bourke and Gerasimowicz agree that, as Directors, they will not cause ECC shares (or share warrants) to be issued for less than $0.01 each.

      10.     **Ad Hoc Agreement.** The Parties stipulate and agree that the Ad Hoc Agreement remains in effect.

      11.     **Non-Admission of Liability.** The Parties acknowledge that this Agreement does not constitute an admission of liability or wrongdoing of any kind, express or implied, on the part of any of them, with respect to the allegations raised in the S.D.N.Y. Matter.

      12.     **No Duress.** The Parties each acknowledge that they have consulted with counsel and carefully read and fully understand the provisions of this Agreement, that they have been given a reasonable period of time to consider the terms of this Agreement, and that they enter into this Agreement knowingly and voluntarily and not as a result of any pressure, coercion, or duress.

      13.     **Representations and Warranties**. The Parties each acknowledge that the only warranties and representations of law or fact upon which they have relied are those expressly set forth in this Agreement and that no other warranties or representations have been given or have induced them to execute this Agreement.

      14.     **Severability.** If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, void or otherwise unenforceable, the remaining provisions shall nevertheless continue in full force and effect without being impaired or invalidated in any way.

      15.     **No Waiver.** No waiver of any provision of this Agreement shall be effective unless made in writing and executed by the Party charged with making the waiver. No waiver of any of this Agreement's provisions shall be deemed to constitute a waiver of any other provision, regardless of any similarity between the provisions, nor shall any such waiver constitute a continuing waiver, unless expressly designated as such in a writing signed by the Party charged with making the waiver.

      16.     **Enforcement**. Nothing herein shall be construed to release or waive any Party's right to enforce the terms of this Agreement.

      17.     **Jurisdiction, Venue**. The Parties consent to the continuing, nonexclusive jurisdiction of District Court for the Southern District of New York over any claim, controversy or dispute arising under this Agreement and waive any objection or defense sounding in lack of personal jurisdiction or improper venue with respect to that Court. Nothing in this Paragraph shall be deemed to apply to any claim, controversy or dispute related to Kazantzis's voluntarily dismissed promissory note claim against Gerasimowicz.

      18.     **Entire, Final and Binding Agreement.** The Parties each acknowledge and agree that this Agreement is the final and binding Agreement between them concerning the S.D.N.Y. Matter. This writing contains the entire Agreement of the Parties and, in entering into this Agreement, the Parties each acknowledge that they have not relied on any promise, agreement, representation or statement, whether oral or written, that is not expressly set forth in this Agreement. This Agreement may not be amended or modified except by a writing signed by the Parties (or their authorized attorneys) or their successors. No provision of this Agreement may be waived unless such waiver is in writing and signed by the Party charged to have made the

waiver. The Parties represent and warrant to one another that this Agreement constitutes a binding agreement enforceable in accordance with its terms.

19. **No Presumption of *Contra Proferentem*.** The Parties and their respective counsel have had the opportunity to draft, review, and edit the terms of this Agreement. No presumption against any Party arising out of that Party's drafting any part hereof will be applied in any action relating to, connected to, or involving this Agreement.

20. **Multiple Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which taken together shall constitute a single agreement and shall be binding upon delivery to all Parties. Facsimile signatures, DocuSign signatures, and/or electronically submitted signatures shall be deemed originals.

<< REMAINDER OF PAGE LEFT INTENTIONALLY BLANK >>

BY EXECUTING THIS AGREEMENT, THE PARTIES HERETO ACKNOWLEDGE THAT THEY HAVE HAD THE OPPORTUNITY TO CONFER WITH COUNSEL OF THEIR OWN CHOOSING TO THE EXTENT DESIRED, AND FURTHER ACKNOWLEDGE AND REPRESENT THAT THEY HAVE READ THIS AGREEMENT, FULLY UNDERSTAND IT, AND AGREE TO THE TERMS AND PROVISIONS SET FORTH HEREIN, AND THAT, ONCE EXECUTED, ANY COPY OF THIS AGREEMENT INCLUDING COPY MADE VIA FAX, EMAIL, PHOTOCOPY, SCANNED PDF FILE OR ANY SIMILAR ELECTRONIC MEANS, SHALL BE ADMISSIBLE AND SHALL HAVE THE SAME FORCE AND EFFECT AS IF BEARING AN ORIGINAL SIGNATURE.

**EXECUTED and AGREED:**

ENVIROKARE COMPOSITE CORP.

By: _____
Ghassan Albert Hreish, Jr.
President

Date: _____

_____
Steve Pappas

Date: 8/15/2025

TEAM GROUP LLC

By: _____
Ghassan Albert Hreish, Jr.
Managing Member

Date: _____

_____
George E. Kazantzis

Date: 8/15/2025

_____
Ghassan Albert Hreish, Jr.

Date: _____

_____
Gregory J. Angelides

Date: 8/19/2025

_____
Daniel P. Bourke

Date: _____

_____
Walter V. Gerasimowicz

Date: _____

Settlement agreement, p. 5/5                                                                v.250727.1652

BY EXECUTING THIS AGREEMENT, THE PARTIES HERETO ACKNOWLEDGE THAT THEY HAVE HAD THE OPPORTUNITY TO CONFER WITH COUNSEL OF THEIR OWN CHOOSING TO THE EXTENT DESIRED, AND FURTHER ACKNOWLEDGE AND REPRESENT THAT THEY HAVE READ THIS AGREEMENT, FULLY UNDERSTAND IT, AND AGREE TO THE TERMS AND PROVISIONS SET FORTH HEREIN, AND THAT, ONCE EXECUTED, ANY COPY OF THIS AGREEMENT INCLUDING COPY MADE VIA FAX, EMAIL, PHOTOCOPY, SCANNED PDF FILE OR ANY SIMILAR ELECTRONIC MEANS, SHALL BE ADMISSIBLE AND SHALL HAVE THE SAME FORCE AND EFFECT AS IF BEARING AN ORIGINAL SIGNATURE.

*EXECUTED and AGREED:*

**ENVIROKARE COMPOSITE CORP.**

By: _/s/ GH_
Ghassan Albert Hreish, Jr.
President

Date: 8-11-25

_____
Steve Pappas

Date: _____

**TEAM GROUP LLC**

By: _/s/ GH_
Ghassan Albert Hreish, Jr.
Managing Member

Date: 8-11-25

_____
George E. Kazantzis

Date: _____

_/s/ GH_
Ghassan Albert Hreish, Jr.

Date: 8-11-25

_____
Gregory J. Angelides

Date: _____

_____
Daniel P. Bourke

Date: _____

_____
Walter V. Gerasimowicz

Date: _____

BY EXECUTING THIS AGREEMENT, THE PARTIES HERETO ACKNOWLEDGE THAT THEY HAVE HAD THE OPPORTUNITY TO CONFER WITH COUNSEL OF THEIR OWN CHOOSING TO THE EXTENT DESIRED, AND FURTHER ACKNOWLEDGE AND REPRESENT THAT THEY HAVE READ THIS AGREEMENT, FULLY UNDERSTAND IT, AND AGREE TO THE TERMS AND PROVISIONS SET FORTH HEREIN, AND THAT, ONCE EXECUTED, ANY COPY OF THIS AGREEMENT INCLUDING COPY MADE VIA FAX, EMAIL, PHOTOCOPY, SCANNED PDF FILE OR ANY SIMILAR ELECTRONIC MEANS, SHALL BE ADMISSIBLE AND SHALL HAVE THE SAME FORCE AND EFFECT AS IF BEARING AN ORIGINAL SIGNATURE.

*EXECUTED and AGREED:*

**ENVIROKARE COMPOSITE CORP.**

By: _____
    Ghassan Albert Hreish, Jr.
    President

Date: _____

_____
**Steve Pappas**

Date: _____

**TEAM GROUP LLC**

By: _____
    Ghassan Albert Hreish, Jr.
    Managing Member

Date: _____

_____
**George E. Kazantzis**

Date: _____

_____
**Ghassan Albert Hreish, Jr.**

Date: _____

_____
**Gregory J. Angelides**

Date: _____

*Daniel P. Bourke*
**Daniel P. Bourke**

Date: 08/06/2025

_____
**Walter V. Gerasimowicz**

Date: 08/06/2025

BY EXECUTING THIS AGREEMENT, THE PARTIES HERETO ACKNOWLEDGE THAT THEY HAVE HAD THE OPPORTUNITY TO CONFER WITH COUNSEL OF THEIR OWN CHOOSING TO THE EXTENT DESIRED, AND FURTHER ACKNOWLEDGE AND REPRESENT THAT THEY HAVE READ THIS AGREEMENT, FULLY UNDERSTAND IT, AND AGREE TO THE TERMS AND PROVISIONS SET FORTH HEREIN, AND THAT, ONCE EXECUTED, ANY COPY OF THIS AGREEMENT INCLUDING COPY MADE VIA FAX, EMAIL, PHOTOCOPY, SCANNED PDF FILE OR ANY SIMILAR ELECTRONIC MEANS, SHALL BE ADMISSIBLE AND SHALL HAVE THE SAME FORCE AND EFFECT AS IF BEARING AN ORIGINAL SIGNATURE.

*EXECUTED and AGREED:*

**ENVIROKARE COMPOSITE CORP.**

By: _____
    Ghassan Albert Hreish, Jr.
    President

Date: _____

_____
**Steve Pappas**

Date: _____

**TEAM GROUP LLC**

By: _____
    Ghassan Albert Hreish, Jr.
    Managing Member

Date: _____

_____
**George E. Kazantzis**

Date: _____

_____
**Ghassan Albert Hreish, Jr.**

Date: _____

_____
**Gregory J. Angelides**

Date: _____

_____
**Daniel P. Bourke**

Date: _____

*Walter Gerasimowicz*
_____
**Walter V. Gerasimowicz**

Date: 8/6/2025

EXHIBIT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GHASSAN ALBERT HREISH, JR., TEAM GROUP LLC, DANIEL P. BOURKE, WALTER V. GERASIMOWICZ, *and* ENVIROKARE COMPOSITE CORP.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>STEVE PAPPAS, GEORGE E. KAZANTZIS, *and* GREGORY J. ANGELIDES,<br><br>　　　　　　　　Defendants. | Case No. 24-cv-2284-JHR-BCM<br>Civil Action<br><br><br><br>**STIPULATION AND CONSENT ORDER** |

**WHEREAS**, Plaintiffs have asserted six causes of action in this matter: (1) declaratory judgment, asserted by Hreish, Bourke, Gerasimowicz and ECC, as to the true composition of ECC's board of directors; (2) declaratory judgment, asserted by ECC, that Kazantzis's purported employment contract with ECC is legally null and void *ab initio*; (3)-(4) two claims for fraud asserted by Hreish and Team against Kazantzis and Pappas; (5) breach of fiduciary duty, asserted by ECC against Kazantzis and Pappas; and (6) civil conspiracy;

**AND WHEREAS**, Defendants have asserted ten counterclaims: (1) breach of promissory note, brought by Kazantzis against Gerasimowicz; (2)-(3) two claims for defamation, brought by Kazantzis and Pappas against Hreish and ECC; (4)-(5) two claims for breach of fiduciary duty; (6) a derivative action, purportedly on behalf of ECC; (7)-(9) three claims seeking declaratory judgment concerning indemnification; and (10) declaratory judgment that the Defendants are ECC's true board members;

**AND WHEREAS**, Kazantzis has voluntarily dismissed his promissory note claim against Gerasimowicz;

**AND WHEREAS**, the Parties have agreed to resolve their dispute amicably pursuant to the terms and conditions set forth herein and in their Settlement Agreement, annexed hereto;

**IT IS** hereby **ORDERED AND ADJUDGED** as follows:

1. The Board of Directors of Plaintiff Envirokare Composite Corp., a Nevada corporation, is comprised of Plaintiffs Ghassan Albert Hreish, Jr. as President and Director, Daniel P. Bourke as Treasurer and Director, and Walter V. Gerasimowicz as Secretary and Director;

2. The alleged January 6, 2024 meeting of shareholders of Envirokare Composite Corp. and all business conducted at that alleged meeting are null and void *ab initio*;

3. The alleged employment agreement between Defendant George E. Kazantzis and Envirokare Composite Corp., dated on or about October 20, 2021, is null and void *ab initio*;

4. Subject to the foregoing, this matter is **DISMISSED WITH PREJUDICE** and without award of fees or costs to any party; *and*

5. This Court **RETAINS JURISDICTION** for purposes of enforcing the Parties' annexed Settlement Agreement.

Dated: _____
New York, N.Y.

_____
JENNIFER H. REARDEN
United States District Judge

*Stipulated and agreed:*

_____
Paul Goodman, Esq.
*Attorney for Defendants*
Cyruli Shanks & Zizmor, LLP
420 Lexington Avenue, Suite 2320
New York, NY 10170
Tel. 347-379-4627
pGoodman@CSZlaw.com

Date: August 20, 2025

_____
Jonathan R. Miller, Esq.
*Attorney for Plaintiffs*
The Law Firm of Jonathan R. Miller
100 Overlook Center, 2nd Floor
Princeton, N.J. 08540
Tel. 609-955-1226
jonathan.miller@lawyer.com

Date: August 20, 2025